**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 8:12-cv-02395-AW |
| $10,460 U.S. CURRENCY, | |
| Defendant. | |

## MEMORANDUM AND ORDER

The United States filed a Complaint for Forfeiture ("Complaint") on August 10, 2012. Marcus Tyrek Chase (Chase) filed a pro se Answer. Doc. No. 6. The United States included Chase's Answer as an attachment to its Complaint. Chase originally filed the Answer in the Circuit Court for St. Mary's County. *See* Doc. No. 1 at 11–13.

The Complaint includes a Declaration from Mark D. Howard, Task Force Officer of the Drug Enforcement Administration (DEA). The Declaration sets forth the factual background leading to the instant dispute. The Court does not assume the truth of all the allegations in the Declaration.

According to the Declaration, the DEA started investigating a drug trafficking ring in St. Mary's County, Maryland. The DEA concluded that Chase was obtaining cocaine from a supplier and converting it into crack cocaine. Chase was indicted in the District of Maryland along with others for conspiracy to distribute and possess with intent to distribute cocaine base. Chase pleaded guilty and was placed on electronic monitoring and home confinement. Chase

1

was confined to his residence: 47138 Festival Court, Lexington Park, St. Mary's County, Maryland (the residence).

After Chase was placed on house arrest, the St. Mary's County Sheriff's Office (Office) received a tip regarding drug activity at the residence. A search and seizure warrant was obtained and members of both the DEA and Office raided the residence. According to the Declaration, the following relevant individuals were located in the residence: Mr. Chase; Lisa Tippett; and Sharia Buck.

The agents searched the residence. The following relevant items were seized from a bedroom: $10,190 and $270. The $10,190 was found in Buck's wallet and the $270 was found on the floor. Allegedly, Buck told the agents that Tippet gave her the $10,190. The agents arrested Chase, Tippett, and Buck on various drug charges.

The Declaration states that the agents found marijuana in the bedroom. It also states that the agents discovered cocaine, drug paraphernalia, and marijuana in the basement of the residence. Subsequently, a drug-sniffing dog allegedly positively alerted on the $10,190. Furthermore, Chase, Buck, and Tippett allegedly told investigators that they lacked employment at the relevant time.

On April 12, 2012, represented by counsel, Chase presented at the U.S. Attorney's Office for a proffer session. Chase stated that Tippett gave him $10,000 as a gift for "clothes and commissary" for when he went to prison.

The St. Mary's County Attorney's Office received the pro se Answer referenced above. The Answer states that "we received the money from Lisa Tippett who got the money from her deceased husband's life insurance." Doc. No. 1 at 13. The Answer includes two notarized statements from Tippett. The first states that she possessed "everything concerning drugs" in the

residence and takes full responsibility for them. The second says that she gave Chase $10,000 for "commissary and family obligations." *See id.* at 15–16. In light of this backdrop, the United States filed the Complaint.

In a prior Order, the Court stated that it did not appear that the United States had published notice of the forfeiture action. Therefore, the Court ordered the United States to publish notice of the same in accordance with Supplemental Rule G(4)(a). It still does not appear that the United States has published such notice. *Compare* Supp. Fed. R. Civ. P. 4(a), *with* http://www.forfeiture.gov/AdvancedNoticeSearch.aspx. Furthermore, it appears to be too late to publish notice under Rule G(4)(a)(iii)(B). Thus, the Court orders the United States to publish notice of the forfeiture action in accordance with Supplemental Rule G(4)(a)(iii)(A).

On November 17, 2012, the United States filed a Motion to Strike. Doc. No. 7. The United States asks the Court to strike Chase's pro se Answer on the ground that Chase has not filed it in accordance with Rule G(5). Rule G(5) sets forth the following applicable requirements, in all of which the United States contends that Chase's pro se Answer is deficient:

> (5) Responsive Pleadings.
>
> (a) Filing a Claim.
>
> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
> (A) identify the specific property claimed;
>
> (B) identify the claimant and state the claimant's interest in the property;
>
> (C) be signed by the claimant under penalty of perjury; and

  (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or

  (b)(ii)(D).

Supp. Fed. R. Civ. P. G(5).

  Chase did not file a formal response to the United States' Motion to Strike. Rather, he filed a Motion for Extension of Time to File Answer to the Complaint (Motion for Extension of Time). Doc. No. 8. Chase states in his Motion for Extension of Time that he is incarcerated at FCI Fort Dix and has been under quarantine from January 9, 2013 to February 27, 2013 due to an outbreak of chicken pox and the swan flu. Chase further asserts that "the $10,460.00 U.S. currency is not related to [his] criminal matter as defined by the government." *Id.*, ¶ 5. Chase also asserts that, as a pro se litigant, he lacks knowledge of the applicable law and has not been able to conduct legal research because of being quarantined. For these reasons, Chase requests that the Court give him ninety days to respond to the Complaint. Chase includes a "Verification" with his Motion for Extension of Time in which he "declare[s] under penalty of perjury . . . [that] the said facts are true and correct to the best of my knowledge, information and belief." *Id.* at 4.

  Approximately ten days later, Chase filed a Motion to Dismiss. Doc. No. 9. The Motion to Dismiss serves as both an answer to the Complaint and a motion to dismiss. After admitting, denying, or otherwise responding to the allegations in the Complaint, Chase generally argues that the United States has failed to state a facially plausible forfeiture claim because it has not adequately rebutted his assertions that Tippett was responsible for the drug activity at the residence and that she gave him the money for commissary and family obligations. Similar to the Motion for Extension of Time, the Motion to Dismiss includes a "Verification" that the states that Chase understands that "the statements contained herein are subject to . . . penalties . . . relating to falsification to authorities." *Id.* at 10. The Motion to Dismiss also includes a bank

statement purportedly for Lisa Tippett for parts of January 2012. In Chase's estimation, the bank statement substantiates Tippett's assertion that she legally received a large amount of money from an insurance policy.[1]

In light of the foregoing, the Court denies the United States' Motion to Strike. Preliminarily, in ruling on the Motion to Strike, the Court incorporates the statements from Chase's Motion for Extension of Time and Motion to Dismiss (which also functions as an Amended Answer) into his original Answer. *See Jones v. Stafford*, Civil Action No. 8:12–cv–00891–AW, 2012 WL 5882588, at *1 (D. Md. Nov. 20, 2012) (citations omitted) (incorporating the allegations from a pro se plaintiff's memoranda, correspondence, and associated documents into a pleading because the pleading was unclear and deficient); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted) ("A document filed *pro se* is to be liberally construed . . . ."). This being so, it is clear that Chase has satisfied the requirements of Rule G(5). Chase has identified the specific property claimed (the $10,460), identified the claimant (himself), and stated his interest in the property (a gift for commissary and family purposes from Tippett's insurance proceeds). Furthermore, although he did not sign his original form Answer under the penalty of perjury, Chase included verifications in both his Motion for Extension of Time and Motion to Dismiss stating that he had signed the documents truthfully and was aware of potential penalties for making untrue statements in connection with his claim to the money. Therefore, although the United States cites some noncontrolling cases for the proposition that "strict compliance" is required with Rule G(5), it would be pointless to make

---

[1] The Court notes that the first page of the purported statement is for the period of January 3, 2012 to January 17, 2012. According to the purported statement, the account had a balance of $111,000 on 1-3-12 and a balance of $99,777.58 on 1-7-12. Doc. No. 9-3 at 2. The second page of the purported statement lists transactions for only January 30, 2012 and January 31, 2012. *Id.* at 3. According to the purported statement, the account had a balance of $80,123.21 on 1-30-12 and $79,588.22 on 1-31-12. The record does not reflect that Chase has submitted a statement for the transactions from January 18, 2012 to January 29, 2012.

Chase, an inmate at FCI Fort Dix, to file yet another answer. Accordingly, the Court denies the United States' Motion to Strike.[2]

The Court denies Chase's Motion for Extension of Time as moot. Chase has already answered the Complaint.

The Court refrains from ruling on Chase's Motion to Dismiss. Under Rule G(8)(c)(ii), the Court must resolve the United States' Motion to Strike before it resolves the Motion to Dismiss. Supp. Fed. R. Civ. P. G(8)(c)(ii)(A). Due to the unusual procedural history of the case, the Court will give the United States twenty-one days from the date of entry of this Order to "serve special interrogatories limited to [Chase's] identity and relationship to the defendant property." *See* Supp. Fed. R. Civ. P. G(6)(a). The Court directs the United States to notify it if the United States decides to file special interrogatories. If the United States does not file special interrogatories, the Court will rule on Chase's Motion to Dismiss after Chase replies to the response or, if Chase files no reply, after the time to reply has expired.

Accordingly, IT IS this **1st day of March, 2013**, by the U.S. District Court for the District of Maryland, hereby **ORDERED**:

1. That the Court **DENIES** the United States' Motion to Strike (Doc. No. 7);

2. That the Court **DENIES AS MOOT** Claimant's Motion for Extension of Time (Doc. No. 8);

---

[2] The Court also notes that Chase has submitted evidence to support his assertion that (1) Tippett gave him the money for non-illicit purposes, (2) Tippett was solely responsible for the drug activity at the residence, and (3) Tippett carried more than $10,460 in her bank account. Therefore, to the extent the United States moves to strike Chase's Answer on standing grounds, this argument would fail. *Cf. Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 880 F. Supp. 2d 689, 692 (D. Md. 2012) (internal quotation marks omitted) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) ("[E]ach element of standing must be supported with the manner and degree of evidence required at the successive stages of the litigation . . . .").

3. That the United States publish notice of the forfeiture action in accordance with Supplemental Rule G(4)(a)(iii)(A); AND

4. That the Clerk transmit a copy of this Order to all counsel of record and mail a copy to Marcus Tyrek Chase, Register # 53640-037, FCI Fort Dix, P.O. Box 200, Fort Dix, NJ 08640.

|  |  |
|---|---|
| March 1, 2013 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |